**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| OMG, LP, JOHN GALLO, AND GREG MARTIN, § § | | |
| Plaintiffs, | § § | |
| | § | No. 3:13-CV-1404-L |
| vs. | § § | |
| HERITAGE AUCTIONS, INC. | § | Referred to U.S. Magistrate Judge |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated April 16, 2014 (doc. 50), before the Court is *Plaintiffs' Motion for Attorneys' Fees and Costs*, filed April 14, 2014 (doc. 48). Based on the relevant filings, evidence, and applicable law, the plaintiffs' motion should be **DENIED**.

**I. BACKGROUND**

On June 8, 2011, OMG, L.P.,[1] John Gallo, and Greg Martin (collectively, Plaintiffs) executed two agreements with Heritage Auctions, Inc. (Defendant): an Asset Purchase Agreement (APA) and a Consulting Agreement (CA). In the APA, OMG transferred to Defendant all of the "business" assets it owned, including all consignment contracts, tangible personal property, mailing lists, and consumer information, as well as "all goodwill associated" with those assets in exchange for $150,000.[2] (Doc. 14-1 at 102-03.) Pursuant to the CA, OMG would provide consulting services to Defendant and earn guaranteed commissions based on the sale at auction of "firearms" and "firearm-related merchandise" by Heritage. (*Id.* at 97-99.) OMG's commissions would range between a

---

[1] OMG, LP is the successor in interest to Greg Martin Auctions (GMA), one of the original contracting parties. (Doc. 1 at 1.)

[2] OMG was engaged "in the business of selling firearms and firearm related merchandise on consignment through auction." (Doc. 14-1 at 102.)

minimum of $900,000 and a maximum of $4,900,000.  (*Id.*)

After a dispute arose between the parties, Defendant sought arbitration under the APA and CA.  (*See* doc. 17-6 at 3.)  The arbitrator conducted a hearing in October 2012, and rendered a decision on January 9, 2013.  (Doc. 15-1.)  On April 8, 2013, Plaintiffs filed their motion to vacate the arbitration award in federal district court, and Defendant filed a cross-motion to confirm the award.  (Docs. 1, 15.)  On March 31, 2014, the Court granted Plaintiffs' motion to vacate the arbitration award on grounds that the arbitrator had exceeded his authority, denied Defendant's motion to confirm the award, and remanded the case to the American Arbitration Association (AAA).  (Docs. 34 at 8-9; 44, 45.)  It also ordered all allowable and reasonable costs to be taxed against Defendant.  (Docs. 44 at 2; 45 at 1.)

On April 14, 2014, Plaintiffs moved for attorneys' fees and costs under Rule 54(d) of the Federal Rule of Civil Procedure and the contractual provisions of the APA and CA.  (Doc. 48.)  On May 5, 2014, Defendant filed its response (doc. 53), and Plaintiffs filed their reply on May 19, 2014 (doc. 54).  On that same day, Plaintiffs filed an unopposed motion for leave to file a supplemental attorneys' fees declaration (doc. 54), and the motion was granted (doc. 57.)  On May 27, 2014, Defendant filed a surreply.  (Doc. 60).  The motion for fees is ripe for recommendation.

## II.  ATTORNEYS' FEES

Plaintiffs seek an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Texas law.[3]  (Doc. 48 at 1, 3.)

**A.**     **Basis for Fee Award**

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this

---

[3] Both parties cite to Texas law.  (*See* docs. 48 at 3; 53 at 8.)

2

one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)).[4] State substantive law governs awards of attorneys' fees. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002)). Federal procedure, however, requires that claims for attorneys' fees generally be made by motion filed within 14 days of the entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2). *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion..."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n. 20 (S.D. Tex. July 24, 2009) (noting that party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules). The party seeking fees has the burden to "specify the judgment and the statute, rule, or other grounds" that entitles it to the award. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).

Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex.2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex.2009)); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex.2006). Here, Plaintiffs contend that they are entitled to an award of fees under the contractual provisions of the APA and CA. (Doc. 48.)

---

[4] Plaintiffs assert that jurisdiction exists based on diversity of citizenship and the Federal Arbitration Act (FAA). (Doc. 1 at 2.) The FAA "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)).

The attorneys' fee provision in the APA states, in relevant part:

> [T]he Party that brings any arbitration, suit, action or proceeding arising out of or relating to this Agreement shall, if it substantially prevails on the merits of its claim, be entitled to recover from the other Party all reasonable costs and expenses (including reasonable attorney fees and expenses) incurred in connection with such arbitration, suit, action or proceeding.

(Doc. 48-2 at 11.) The APA does not define either the phrase "substantially prevail on the merits of its claim" or any of its terms. (Doc. 48-2 at 11.) The CA attorneys' fees clause states:

> If any Party successfully prosecutes or defends any claim against another Party in connection with this Agreement, the prevailing Party shall be entitled to recover from the other Party the prevailing Party's reasonable attorneys' fees, costs and expenses.

(Doc. 48-2 at 41.) The CA does not define the phrase "prevailing party". Neither document clearly and specifically provides for an award of fees in relation to confirmation proceedings.[5]

**B.     "[P]revailing Party"**

Plaintiffs contend that they are entitled to attorneys' fees because the parties' agreements "contain broad prevailing party attorneys' fee provisions", and they are "the prevailing parties" because they prevailed on the merits of the matter submitted to the court in its entirety. (Docs. 48 at 3; 48-1 at 4; 54 at 4.)

In Texas, "[c]ontract terms are given their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense." *Valence*

---

[5] *See Witte Ford, Inc. v. Dealer Computer Servs.*, No. H–08–3755, 2009 WL 416351, at *4 (S.D.Tex. Feb.19, 2009) (finding that the parties' agreement providing for payment of "any and all expenses [Plaintiff] may incur, including reasonable attorneys' fees, in collection of amounts due under this Agreement" did "not clearly and specifically provide for recovery of attorney's fees for confirmation proceedings" and denying fees); *compare HCC Aviation Ins. Group, Inc. v. Employers Reinsurance Corp.*, 2008 WL 850419, at *3 (N.D. Tex. Mar. 21, 2008) (finding that fees were warranted under the express terms of the agreement, which provided that if the United States District Court entered an order confirming any decision and the award and judgment, "the attorney's fees of the party so applying and court costs will be paid by the party against whom confirmation is sought").

4

*Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Ordinarily, courts would "consult dictionaries to discern the natural meaning of a common-usage term not defined by [a] contract," but when the term has been examined by other courts, Texas courts look to such decisions. *See Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011) (declining to consult dictionaries for the phrase "prevailing party" because "many courts . . . have explicated" the meaning of the phrase by examining how it is used statutorily). The Texas Supreme Court has looked to the federal courts, and in particular the United States Supreme Court, to define the term "prevailing party". *See Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653-54 (Tex. 2009) (discussing *Hewitt v. Helms*, 482 U.S. 755 (1987), and *Farrar v. Hobby*, 506 U.S. 103 (1992)); *Epps*, 351 S.W.3d at 866-68 (discussing *Buckhannon Bd and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001), *Claiborne v. Wisdom*, 414 F.2d 715 (7th Cir. 2005), *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006), and *Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001)).

In the federal courts, "the term 'prevailing party' [is regarded as] a legal term of art." *Buckhannon*, 532 U.S. at 603. A plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (internal quotation marks omitted) (quoting *Hewitt*, 482 U.S. at 760). Further, "the term 'prevailing party' [does not] authorize[] an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.* at 605 (emphasis original). A "plaintiff must obtain at least some relief on the merits of his claim. . . . [and w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement[ . . . o]therwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff." *Intercontinental Grp. P'ship*, 295 S.W.3d at 654 (quoting *Farrar*, 506 U.S. at 111-

5

12); *see also Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) ("A plaintiff 'prevails,' we have held, 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). "Whether a party prevail[ed] turns on whether the party prevail[ed] upon the court to award it something, either monetary or equitable." *Id.* at 655.

Here, the Court found that the arbitrator had exceeded his authority under § 10(a)(4) of the FAA, vacated the arbitration award that "cancelled" the APA and CA, and remanded the case to the AAA for further proceedings. (docs. 34 at 10; 44; 45.) "Section 10(a) does not provide for vacatur of an arbitration award based on the merits of a party's claim". *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009) (per curiam); *see also Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 914 (5th Cir. 2010) ("It has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim." (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38-39 (1987)). The Court's determination did not alter the legal relationship of the parties; Plaintiffs did not prevail on the Court to award them either monetary or equitable relief. (*See id.*)

Plaintiffs argue that the judgment on their motion to vacate the arbitration award was on the merits because "[a]s a result of the Court's Judgment, the [APA] and [CA] are now valid and enforceable contracts[.]" (Doc. 54 at 4.) They also argue that they are prevailing parties because "(i) they obtained a Judgment against [Defendant]; (ii) the Judgment set aside [Defendant's] avoidance of its obligations under the [APA and CA], pursuant to which it owes Plaintiffs nearly 5 million; and (iii) [Defendant] is now required to return to arbitration to determine the amount it must pay for its breaches." (*Id.* at 6.) Plaintiffs' arguments assume that the Court determined the validity

6

of the agreements and Defendant's breach. The Court specifically found that Plaintiffs failed to brief the request in their prayer for a finding that the APA and CA were valid and binding and denied it, however. (Docs. 34 at 9 n.10.; 44) It only held that the arbitrator exceeded his authority when he cancelled the parties' agreements and remanded the case to the AAA for further proceedings. (*Id.* at 9-10; doc. 44.)[6]

In conclusion, Plaintiffs are not prevailing parties for purposes of recovering attorneys' fees for the confirmation proceedings, and their motion for an award of attorneys' fees should be denied.

### III. COSTS

Plaintiffs assert that they should recover costs they incurred under the "broad, expansive prevailing party attorneys' fees clauses." (Docs. 48 at 2; 54.) Because they are not prevailing parties for purposes of recovering attorneys' fees, they also cannot recover costs under those clauses.

The Court ordered that "[a]ll allowable and reasonable costs will be taxed against [Defendant]" in the judgment vacating the arbitration award. (Docs. 44 at 2; 45 at 1.) "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). "Title 28 U.S.C. § 1920 now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). Taxable

---

[6] Plaintiffs also argue that they are "the prevailing parties in this action" based on *Morgan Keegan & Co., Inc. v. Garrett*, 495 F. App'x 443, 445-46 (5th Cir. 2012). (Doc. 48 at 3.) In that case, the Fifth Circuit merely observed that the district court had awarded attorney's fees to the party that succeeded in vacating an arbitration award based on a contractual provision. *Id.* It did not discuss the specific language of the contractual provision or the propriety of the fee award pursuant to that provision. Plaintiffs also cite to *Triomphe Partners, Inc. v. Realogy Corp.*, No. 10 Civ. 8248 (PKC), 2012 WL 266890 (S.D.N.Y. Jan 30, 2012), which concluded that the moving party who succeeded in vacating an arbitration award was a "prevailing party," without any discussion of the meaning of the term. *Id.* at *2. At least one other circuit has reached a contrary result. *See Choice Hotels Intern., Inc. v. SM Property Mgmt, LLC*, 519 F.3d 200, 210-11 (4th Cir. 2008) (affirming the denial of attorney's fees for succeeding on a motion to vacate an arbitration award, noting that a party must prevail on the merits in order to be a prevailing party).

costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920. Unless otherwise provided by "statutory or contractual authorization . . . , federal courts are bound by the limitations set out in . . . § 1920." *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004) (quoting *Crawford Fitting Co.*, 482 U.S. at 445). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

Even though Rule 54(d) does not provide a specific time limit, the Supreme Court acknowledged that district courts are free to adopt local rules that establish standards for the timely filing of a bill of costs. *White v. New Hampshire Dep't. of Emp't Sec.*, 455 U.S. 445, 454 n.17 (1982). Northern District of Texas Local Rule 54.1 requires that if a party is awarded costs "by final judgment . . . [the party] *must apply to the clerk* for taxation of such costs by filing a bill of costs in a form approved by the clerk." N.D. Tex. R. 54.1 (emphasis added). It further states that "[u]nless otherwise provided by statute or by order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket." *Id.*

Defendant argues that Plaintiffs' costs are not allowable under § 1920. (Doc. 53 at 15-16.) Plaintiffs respond that they are seeking "contractually-awarded expenses rather than taxable costs", and they have not filed a bill of costs. (Doc. 54 at 9.) Plaintiffs are therefore not entitled to costs

8

under § 1920.  *See Quarles v. Oxford Mun. Separate Sch. Dist.*, 868 F.2d 750, 758 (5th Cir. 1989) (vacating the costs awarded because the party failed to file their bill of costs within the time limit set by the local rule); *Whatley v. AHF Financial Serv., Inc.*, No. 4:11-CV-488, 2013 WL 4771466, at *3 (E.D. Tex. Sept. 5, 2013) (declining to award costs when the prevailing party failed to submit a bill of costs according to the local rule).

## IV. RECOMMENDATION

Plaintiffs' motion for attorneys' fees and costs should be **DENIED**.

**SO RECOMMENDED** on this 14th day of April, 2015.

                                                                IRMA CARRILLO RAMIREZ
                                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                 IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE